## STATE v. BEAMAN.
### No. A–11966.

Criminal Court of Appeals of Oklahoma.
July 7, 1954.

Granville Scanland, County Atty. of Oklahoma County, Hubert Gibson, Asst. County Atty. of Oklahoma County, Oklahoma City, for plaintiff in error.

George Hill, McAlester, Frank Grayson, Oklahoma City, for defendant in error.

JONES, Judge.

Jacquelyn Kay Beaman was charged by an information filed in the District Court of Oklahoma County with the crime of murder of her husband, Delbert Beaman. At the trial of the case the defendant was acquitted.

At the conclusion of the testimony, the County Attorney requested the court to instruct the jury on manslaughter in the first degree. Counsel for the defendant contended that under the evidence the crime would be murder or nothing. After hearing argument on the requested instruction of the County Attorney, the court refused to submit the included offense of manslaughter in the first degree to the jury. After the verdict of not guilty was returned, the County Attorney gave notice of his intention to appeal on a reserved question of law as to whether the trial court erred in failing and refusing to submit the issue of manslaughter in the first degree to the jury.

In due time the appeal was filed in the Criminal Court of Appeals. Thereafter the case was assigned for oral argument but no appearance was made on behalf of the State and no brief has been filed in support of the appeal. Under such circumstances we treat the appeal as having been abandoned.

In view of the fact that the county went to considerable expense in preparing a record for the appeal, we feel impelled to refer to the recent case of Igo v. State, Okl.Cr., 267 P.2d 1082, 1085, for a discus-

sion of the question raised by this appeal. It was there held:

"Where a defendant is charged with the crime of murder, it is the duty of the trial court to instruct on the law of manslaughter in the first or second degree, if there is any evidence that the alleged crime might have been committed under circumstances that would reduce the crime from murder to manslaughter, and this is true whether the evidence comes from witnesses produced by the State or by the accused, or by both."

Since the accused was found not guilty and has been discharged, the appeal by the State would not have any effect upon her acquittal. It would merely settle the point of law that was raised. For that reason we feel that the above reference to the case of Igo v. State, which is a reiteration of established law in this state, answers the question presented by this appeal. We feel this is a sufficient statement in the absence of any briefs which would call for a more extended discussion of the question involved.

POWELL, P. J., and BRETT, J., concur.